# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| Maria Galan, | ) | FILED: AUGUST 5, 2008 |
| | ) | 08CV4415 |
| Plaintiff, | ) | JUDGE DER YEGHIAYAN |
| | ) | MAGISTRATE JUDGE DENLOW |
| v. | ) No. | |
| | ) | |
| Pekay & Blitstein, P.C., an Illinois | ) | JFB |
| professional corporation, | ) | |
| | ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Maria Galan, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a declaration that Defendant's debt collection practices violate the FDCPA, and to recover damages for Defendant's violation of the FDCPA, and allege:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant resides and transacts business here.

## PARTIES

3. Plaintiff, Maria Galan ("Galan"), is a citizen of Blue Island, Cook County, Illinois, residing in the Northern District of Illinois, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed to originally to Aronson Furniture Company ("Aronson").

4.      Defendant, Pekay & Blitstein, P.C., is an Illinois professional corporation and law firm ("Pekay"), that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Northern District of Illinois.  In fact, Defendant Pekay was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Ms. Galan.

## FACTUAL ALLEGATIONS

5.      Ms. Galan entered into a Retail Installment Contract with Aronson Furniture Company on November 22, 2005, financing the unpaid balance of the purchase price for furniture for her home.  The Retail Installment Contract provided for monthly payments over the course of 36 months, but also provided that, if Ms. Galan paid the principal amount within 18 months of the contract date, no interest would be charged (so long as payments were made on time).  At some point in time, Monterey Financial Services ("Monterey"), took over the account.

6.      Ms. Galan made all of the monthly payments and paid off the purchase price within 18 months.  Accordingly, Ms. Galan was shocked when Monterey sent her letters demanding payment of $4,407.46 for interest that was allegedly due because of a delinquent payment.  Ms. Galan disputed with Monterey its claim that a payment was late and that she owed it the deferred interest

7.      The account was then referred to Defendant Pekay who, via a letter dated March 27, 2008, sent Ms. Galan an initial form collection letter demanding that she pay the $4,787.26 for the alleged debt: $4,437.46 in "Principal" and $350 for "Attorneys Fees".  A copy of this letter is attached as Exhibit A.

2

8. On April 16, 2008, one of Ms. Galan's attorneys sent Defendant Pekay a letter advising Defendant that Ms. Galan was represented by counsel, that she disputed the debt, demanded validation of the debt and requested a copy of the account history because Ms. Galan believed that she had timely made all payments. A copy of this letter is attached as Exhibit B.

9. Instead of providing verification of the disputed debt, on April 22, 2008, Defendant Pekay filed a small claims lawsuit against Ms. Galan in the Circuit Court of Cook County, Illinois, in a matter styled: Aronson Furniture Company By Monterey Financial Services v. Maria Galan, No. 2007-SC-010361 ("the Small Claims Lawsuit"). .

10. All of Defendant Pekay's collection actions at issue in this matter occurred within one year of the date of this Complaint.

11. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violations Of § 1692g Of The FDCPA --**
**Failure to Validate Debt and**
**Cease Collections of Disputed Debt**

12. Plaintiff adopts and realleges ¶¶ 1-11.

13. Section 1692g(b) of the FDCPA requires that, if a debt has been timely-disputed by the consumer, the debt collector must cease collection of the debt, until the debt collector obtains verification of the debt, and a copy of such verification is mailed to the consumer. See, 15 U.S.C. § 1692g(b).

14. Defendant violated § 1692g by failing to provide verification of a timely-disputed debt, and instead, continuing to attempt to collect the disputed debt by filing the Small Claims Lawsuit against Ms. Galan.

15. Defendant's violation of § 1692g of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692g(a)(1) Of The FDCPA –
### Failure To State Adequately The Amount Of The Debt

16. Plaintiff adopts and realleges ¶¶'s 1-11.

17. Section 1692g(a)(1) of the FDCPA requires that the debt collector, within 5 days of its first communication to a consumer, provide the consumer with a statement of the amount of the debt that it is seeking to collect.

18. Defendant's letter, however, fails to state adequately the amount of the alleged debt because Defendant wrongly sated that an amount was due for "Principal", when in fact, that amount was solely interest, and because it wrongly stated that the amount included an amount for "Attorneys Fee", when that amount was not yet due and owing.  Thus, Defendant's letter failed to correctly inform Plaintiff of the amount of the debt, in violation of §1692g(a)(1) of the FDCPA.  (See, Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, and Clark, L.L.C. 214 F.3d. 872 (7th Cir. 2000)).

19. Defendant's violation of § 1692g(a)(1) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## COUNT III
### Violation Of § 1692e Of The FDCPA --
### Falsely Stating The Amount Of The Debt

20. Plaintiff adopts and realleges ¶¶'s 1-11.

4

21. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of any debt, see 15 U.S.C. § 1692e.

22. By stating a that an amount was due for "Principal", when in fact, that amount was solely interest, and by stating that an amount was due "Attorneys Fee", when no attorneys fees were due and owing, Defendant made a false, deceptive or misleading statement, in violation of § 1692e of the FDCPA. (See, Veach v. Sheeks, 316 F.3d 690, 693 (7th Cir. 2003)).

23. Defendant's violation of § 1692e of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### COUNT IV
### Violation Of § 1692f Of The FDCPA --
### Unfair Or Unconscionable Collection Actions

24. Plaintiff adopts and realleges ¶¶ 1-11.

25. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt. See, 15 U.S.C. § 1692f.

26. Defendant used unfair or unconscionable means to collect or attempt to collect a debt, in violation § 1692f of the FDCPA, by, including, but not limited to:

    A)   failing to cease collection efforts relative to a disputed debt; and,

    B)   failing to provide verification of a disputed debt.

27. Defendant's violation of § 1692f of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Maria Galan, prays that this Court:

1. Declare that Defendant's debt collection practices violated the FDCPA;

2. Enter judgment in favor of Plaintiff Maria Galan, and against the Defendant Pekay, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by §1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Maria Galan, demands trial by jury.

                                      Maria Galan,

                                      By: /s/ David J. Philipps_____
                                      One of Plaintiff's Attorneys

Dated: August 5, 2008

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com

**PEKAY & BLITSTEIN, P.C.**
ATTORNEY AT LAW
77 WEST WASHINGTON - SUITE 719
CHICAGO, ILLINOIS 60602
(312) 782-6044
FAX (312) 782-4941

FILED: AUGUST 5, 2008
08CV4415
JUDGE DER YEGHIAYAN
MAGISTRATE JUDGE DENLOW

MICHAEL PEKAY

GALAN, MARIA

▬▬▬▬▬▬▬. IL ▬▬▬

JFB

03/27/2008

ARONSON FURNITURE COMPANY
BY MONTEREY FINANCIAL SERVICES

Re:

vs.

GALAN, MARIA

Principal      $  4,437.46
Attorneys Fee  $    350.00
Balance Due    $  4,787.46

This is an attempt to collect a debt and any information obtained will be used for that purpose.

The above claim has been referred to this office for collection. Unless you notify us within 30 days after receipt of this letter that the validity of this debt, or any portion of it, is disputed, we will assume that the debt is valid. If you do notify us of a dispute, we will obtain verification of the debt and mail it to you. Also, upon your written request within 30 days, we will provide you with the name and address of the original creditor if different from the current creditor.

If you have any questions or comments, please do not hesitate to contact this office.

Very truly yours,

Pekay & Blitstein

MP/ems

**EXHIBIT A**

THE LAW FIRM OF

# PHILIPPS & PHILIPPS, LTD.

David J. Philipps
Mary E. Philipps

Bonnie C. Dragotto

April 16, 2008

```
FILED: AUGUST 5, 2008
08CV4415
JUDGE DER YEGHIAYAN
MAGISTRATE JUDGE DENLOW

JFB
```

**VIA FAX: (312) 782-4941**
**AND U.S. MAIL**
Michael Pekay
Pekay & Blitstein, P.C.
Attorneys at Law
77 W. Washington
Suite 719
Chicago, Illinois 60602

RE:   Maria Galan, Aronson Furniture/ Monterey Financial Services Acct. # ▓▓▓▓;
       Pekay Acct. # ▓▓▓▓▓▓▓

Dear Mr. Pekay:

Please be advised that we represent Maria Galan regarding your firm's attempts to collect a debt allegedly owed by Ms. Galan to Aronson Furniture/ Monterey Financial Services ("Aronson"). Accordingly, all communications regarding this debt must be directed to our office. Moreover, on behalf of our client, we dispute the validity of this debt and demand validation of same.

Lastly, in light of the fact that Ms. Galan timely paid her account in full, so that her purchase from Aronson would not be subject to finance charges pursuant to her contract with Aronson, we also ask that you send us your client's account history showing Ms. Galan's payment history.

Very truly yours,

*Bonnie C. Dragotto* (signature)

Bonnie C. Dragotto

EXHIBIT B

```
Transaction Report
Send
Transaction(s) completed

No. TX Date/Time   Destination                          Duration P.#    Result    Mode
022 APR-16  12:01  3127824941                           0'00'21"  001   OK        N  ECM
```

# THE LAW FIRM OF

# PHILIPPS & PHILIPPS, LTD.

David J. Philipps
Mary E. Philipps

Bonnie C. Dragotto

April 16, 2008

**VIA FAX: (312) 782-4941
AND U.S. MAIL**
Michael Pekay
Pekay & Blitstein, P.C.
Attorneys at Law
77 W. Washington
Suite 719
Chicago, Illinois 60602

    RE:    Maria Galan, Aronson Furniture/ Monterey Financial Services Acct. # ███████,
           Pekay Acct. # ███████

Dear Mr. Pekay:

Please be advised that we represent Maria Galan regarding your firm's attempts to collect a debt allegedly owed by Ms. Galan to Aronson Furniture/ Monterey Financial Services ("Aronson"). Accordingly, all communications regarding this debt must be directed to our office. Moreover, on behalf of our client, we dispute the validity of this debt and demand validation of same.

Lastly, in light of the fact that Ms. Galan timely paid her account in full, so that her purchase from Aronson would not be subject to finance charges pursuant to her contract with Aronson, we also ask that you send us your client's account history showing Ms. Galan's payment history.

Very truly yours,

*Bonnie C. Dragotto*

Bonnie C. Dragotto